## WISCONSIN ELECTRIC POWER CO. v. UNITED STATES.

### No. 9404.

Circuit Court of Appeals, Seventh Circuit.

May 26, 1948.

286

James D. Shaw and Van B. Wake, both of Milwaukee, Wis., for appellant.

· Theron L. Caudle, Asst. Atty. Gen., and Sewall Key, Wm. B. Waldo, and Philip R. Miller, Sp. Assts. to Atty. Gen., Timothy T. Cronin, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a suit to recover moneys claimed to have been wrongfully collected for the sale of electrical energy. Plaintiff sold electrical energy to various dairy customers engaged in pasteurization of milk and functions normally incident to such pasteurization. The question before the District Court was whether such sales were sales for other than commercial consumption.

The Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3411(a), provides for the imposition of a tax to be paid by the vendor of electrical energy sold for commercial consumption.

The case was heard by the trial judge, without a jury, upon evidence and stipulation of the parties. Plaintiff contended that pasteurization is a processing of milk; that the electrical energy sold by it to the dairies was used by the dairies in pasteurization; and hence that was not a commercial use of the electrical energy.

The trial judge made findings of fact and filed an opinion reported in 69 F. Supp. 743, in which he correctly set forth the controlling facts, discussed pasteurization, the legislative history of the section of the Act here involved, and the regulations promulgated by the Secretary; and concluded that the incidence of the tax did not depend upon the particular operation in which the energy was used, but upon the business of which it formed a part, and that since the predominant business of the dairies was that of fluid milk dealers and distributors, the electricity sold to the dairies by plaintiff was sold for commercial consumption.

In this court plaintiff challenges the District Court's conclusion. It argues that pasteurization partakes of the nature of an industrial activity, and cannot be characterized as a commercial activity, and cites the case of United States v. Public Service Co., 10 Cir., 143 F.2d 79, in which the court held, under the facts in that case, that electrical energy sold to dairies and used in pasteurization was not sold for commercial consumption within the meaning of the Act.

We have studied the Public Service Co. case, supra, and Michigan Allied Dairy Ass'n v. Auditor General, 302 Mich. 643, 5 N.W.2d 516, as well as the other cases cited by plaintiff, and considered plaintiff's argument, but we have not been persuaded that the court erred in holding that the proper test to be applied in determining whether the electricity used by a particular consumer falls within the term "commercial consumption" is whether the predominant character of the enterprise carried on by such consumer is commercial. We agree with Judge Duffy that the wording and legislative history of the Act make it clear that the predominant character of the business carried on by a consumer of electrical energy is what determines whether the electricity sold has been sold for "commercial consumption"; hence we are content to adopt his opinion as that of this court.

Affirmed.